IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRINCE E. EDWARDS,                              1:13-CV-02030-BR

        Plaintiff,                          OPINION AND ORDER

v.

MICHAEL GOWER, Asst.
Director, Operations, ODOC;
STEVEN BROWN, Superintendent,
Warner Creek Correctional
Facility (WCCF);
MR. HAMMONDS, General
Services Manager, WCCF; and
MR. MURPHY, OCE Manager,
WCCF,

        Defendants.


PRINCE E. EDWARDS
#17608512
Warner Creek Correctional Facility
P.O. Box 1500
20654 Rabbit Hill Road
Lakeview, OR 97630-5000

        Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**ELLEN F. ROSENBLUM**
Attorney General
**MICHAEL R. WASHINGTON**
Senior Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4700

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Motion
(#43) for Summary Judgment.  For the reasons that follow, the
Court **GRANTS** Defendants' Motion.


<u>BACKGROUND</u>

    On November 14, 2013, Plaintiff Prince E. Edwards, an inmate
at the Warner Creek Correctional Facility (WCCF), filed a *pro se*
Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he
alleged Defendants violated his Eighth Amendment right to be free
from cruel and unusual punishment due to overcrowding in WCCF
housing units resulting in "waits of 20-25 minutes" to use
toilets and showers; "port-a-potties" provided for inmates
working at the Oregon Correctional Enterprises (OCE) call center
at WCCF were not cleaned adequately, and, as a result, exposed
Plaintiff to "unsanitary conditions"; and other generally
unacceptable conditions such as overcrowding, including fire
safety, physical security, psychological distress, and physical

2 - OPINION AND ORDER

health.  Plaintiff also alleged Defendants violated the First
Amendment when they verbally harassed him for submitting
grievances about the condition of the toilets at the call center.

On June 13, 2014, the Court issued an Order in which it
dismissed Plaintiff's Complaint *sua sponte* for failure to state a
claim.  In the Order the Court held, among other things, that
"the allegations concerning the conditions of the port-a-potties
at the call center do not rise to the level of an Eighth
Amendment violation."  Order to Dismiss (#9) at 6.  The Court
granted Plaintiff leave to file an amended complaint.

On July 21, 2014, Plaintiff filed an Amended Complaint.

On November 24, 2014, with permission of the Court,
Plaintiff filed a Second Amended Complaint in which he alleges
Defendants were deliberately indifferent to his health and safety
in violation of the Eighth Amendment when they failed to provide
safe and sanitary working conditions at the OCE.  Specifically,
Plaintiff alleges between June and September 2013 the port-a-
potties at the OCE were not cleaned or exchanged more than every
seven to ten days, which was insufficient for the number of
workers at OCE and resulted in unsanitary conditions in the port-
a-potties.

On February 27, 2015, Defendants filed a Motion for Summary
Judgment as to all of Plaintiff's claims.

On March 4, 2015, the Court issued a Summary Judgment Advice

Notice to Plaintiff advising him that if he did not submit evidence in opposition to Defendants' Motion, summary judgment would be entered against him if appropriate.

On April 6, 2015, Plaintiff filed a Response to Defendants' Motion for Summary Judgment.  The Court took this matter under advisement on April 30, 2015.

## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.*  "This burden is not a light one . . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(citations omitted).  "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993)(citations omitted). "The [Eighth] Amendment also imposes duties on [prison] officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety." *Farmer*, 511 U.S. at 832.

A prison official violates the Eighth Amendment when: (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the "prison official possesses a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)).  *See also Parsons v. Ryan*, No. 13-16396, 2015 WL 1798880, at *1 (9th Cir. Apr 21, 2015)(same).

When determining whether the deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  "The more basic the need, the shorter the time it can be withheld." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)(quotation

omitted).  *See also Jackson v. Rousseau*, 269 F. App'x 754, 755 (9th Cir. 2008) (same).  "'Usually, a more offensive condition will be of constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time.'"  *Williams v. Castillo*, No. C 12-1116 RMW (PR), 2014 WL 1266126, at *4 (N.D. Cal. Mar. 26, 2014)(quoting *Cockcroft v. Kirkland*, 548 F. Supp. 2d 767, 775 (N.D. Cal. 2008)).

The Ninth Circuit has held long-term unsanitary conditions and nonworking toilets violate the Eighth Amendment.  *See, e.g., Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (plaintiff's allegations of serious health hazards in the prison disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted, stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees were enough to state a claim for violation of the Eighth Amendment).  The Ninth Circuit also has held the deprivation of food, drinking water, and sanitation for four days was sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  *Johnson*, 217 F.3d at 732-733. Similarly, district courts in the Ninth Circuit have held the denial of a working toilet for 31 days and the deprivation of

clothing, bedding, toilet paper, running water and the ability to shower for eight days was sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See Williams v. Castillo*, No. C 12-1116 RMW (PR), 2014 WL 1266126, at *4 (N.D. Cal. Mar. 26, 2014), and *Conley v. Mahoney*, No. 08-19-H-DWM-RKS, 2008 WL 5435336, at *5 (D. Mont., May 1, 2008).

In contrast, courts in the Ninth Circuit have held toilets on a controlled flush timer that did not flush more than once every half hour was not a condition that sufficiently satisfied the objective component of an Eighth Amendment claim. *See, e.g., Kapetan v. Cox*, 2014 WL 5469335, at *10 (D. Nev. Oct. 28, 2014) ("[P]laintiff's claims that the twelve foot by fifteen foot cell was not designed for four inmates, that its control flush toilet 'contributed to very unsanitary conditions,' and that two of the four showers on the wing were broken simply do not describe a severe lack of sanitation or a situation unfit for human habitation so as to implicate the Eighth Amendment."); *Bruner v. Ventura County Sheriff's Dep't*, 2008 WL 4723209, at *4 (C.D. Cal. Oct. 23, 2008)("That the jail's toilets flush on a timer-thereby requiring inmates to smell human waste until the next flush-is not so objectively serious a deprivation of basic human needs as to violate Plaintiff's constitutional rights.").

This Court concluded in its Order to Dismiss that Plaintiff's allegations regarding the replacement and/or cleaning

8 - OPINION AND ORDER

of the port-a-potties at the OCE every seven to ten days did not rise to the level of an Eighth Amendment violation.  Plaintiff has not alleged or established significantly different or more serious facts in his Second Amended Complaint or in his Response to Defendants' Motion for Summary Judgment because Plaintiff's allegations are substantially different and less in kind than those the Ninth Circuit and courts in the Ninth Circuit have held to be violations of the Eighth Amendment.  The Court, therefore, concludes Plaintiff has not established the cleaning and/or replacement of the port-a-potties at the OCE every seven to ten days rises to the level of a violation of the Eighth Amendment.

Accordingly, the Court grants Defendants' Motion for Summary Judgment.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#43) for Summary Judgment and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 24th day of June, 2015.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


9 - OPINION AND ORDER